[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13182
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00118-EAK-EAJ


JOHN S. BARTH,

Plaintiff - Appellant,

versus

STARLET MCNEELY,
CHANTEL HOLLMAN,
HERBERT BUCK,
JOHN DOE,
JANE DOE,

Defendants - Appellees,

SARASOTA COUNTY,

Defendant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 10, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This case involves a long-running neighborhood dispute that is being litigated simultaneously in the Circuit Court of Sarasota County and the Middle District of Florida.  The disputants are John S. Barth, his next-door neighbor Starlet McNeely, and Herbert Buck, who lives behind them.[1]  According to the *pro se* complaint Barth filed in the instant case, McNeely has been trying to

> force [him] from his home by nuisance, harassment, vandalism, trespass, perjury, slander, and solicitation of crime.  The nuisance and harassment consist of keeping large dogs outside to bark through the night, other noisemaking . . . with the intent and effect of severe injury to [him] in quality of life and the use and value of his home, for a period exceeding one year.  [And] Buck has committed assault against [him].

Doc. 1, at 2.  And Sarasota County has, in violation of his rights under the Fourteenth Amendment and federal civil rights statutes, effectively sided with McNeely and Buck by refusing to curtail their tortious activity through the enforcement of its nuisance ordinance.

Barth's complaint alleges that on at least five separate occasions between November 2012 and July 2013, he complained to the Sarasota County Sheriff's Office about McNeely and Buck's tortious conduct and that the Sheriff's Office did nothing to prevent it.  As a result, McNeely and Buck's behavior continued

---

[1] The controversy also involves McNeely's daughter, Chantel Hollman, who lives with her.  We refer to them as McNeely for ease of discussion.

unabated, and Barth sued McNeely and Buck in Sarasota County Circuit Court. He brought four lawsuits in all.[2] The first three have concluded; the fourth is still pending.[3]

The complaint Barth presented to the District Court in this case replicates the allegations of the complaints he filed in the four Circuit Court cases. The complaint contains five counts. All counts comingle in a convoluted manner alleged violations of the United States Constitution, federal civil rights statutes, and state law. And, with minor immaterial exceptions, all counts assert essentially the same wrongful conduct.

Count I seeks relief[4] against the County under 42 U.S.C. § 1983[5] on the grounds that the County, acting through the Sheriff's Office, denied Barth his

---

[2] The record does not contain the complaints in these Circuit Court cases, so we cannot know whether Barth only sued McNeely and Buck.

[3] In the first case, Barth sued McNeely because her fence allegedly encroached on his property. McNeely moved the fence and the case was dismissed. In the second case, which the Circuit Court dismissed on a procedural ground, Barth sued McNeely for maintaining a nuisance (barking dogs) and Buck for trespass and assault. The third case, brought against McNeely and Buck for trespass, nuisance, perjury, slander, and assault, was also dismissed on a procedural ground. The complaint in the fourth case, which contained the same allegations as the complaint in the third case, was dismissed with leave to amend. The fourth case is still pending.

[4] We refer to both legal and equitable relief because the complaint is capable of being interpreted as seeking both.

[5] Section 1983 states, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, an citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

Fourteenth Amendment rights to due process of law and equal protection of the law through selective enforcement of its nuisance ordinance, the improper training of County and Sheriff's Office employees, and falsifying official records. Count II seeks relief from McNeely and Counts III and IV seek relief from McNeely and Buck under 42 U.S.C. § 1983 (for violations of the Fourteenth Amendment), 1985(3), and 1986. Count V seeks relief against McNeely under Florida tort law.

The defendants moved to dismiss all counts of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Count V for lack of subject matter jurisdiction under 28 U.S.C. 1332 (diversity of citizenship). The District Court granted their motions with prejudice with leave to amend. Barth has not filed an amended complaint. He instead appeals the District Court's dismissal of his original complaint.

## I.

We affirm the District Court's dismissal of Count I. The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any citizen of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Barth claims that as a resident of Sarasota County, he is entitled to the County's enforcement of its nuisance ordinance, a benefit that is the

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, . . . for redress.

4

equivalent of a property or liberty interest protected by the procedural component of the Fourteenth Amendment's Due Process Clause.[6]  Barth thus argues that 42 U.S.C § 1983 gives him the right to bring an action against the County to enforce the ordinance or for damages.  We are not persuaded.

Whether Barth can obtain relief under § 1983 because Sarasota County refused to enforce its nuisance ordinance depends on whether the County created a property or liberty interest in such enforcement.  The Florida Supreme Court has answered this question.  In *Trianon Park Condominium Ass'n v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985), it held that "there is not now, nor has there ever been, any common law duty for . . . a governmental entity to enforce the law for the benefit of an individual or a specific group of individuals."  Sarasota County has the discretion, as a matter of governance, to enforce compliance with its ordinances, including the nuisance ordinance at issue here.  *Id.* at 919.  Given this fact, the benefit Barth claims is not a property or liberty interest protected by the Due Process Clause.  *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756, 125 S. Ct. 2796, 2803, 162 L. Ed. 2d 658 (2005).[7]

---

[6] We do not read Barth's complaint as asserting a substantive due process claim—that is, a substantive constitutional right to require the County to enforce the law, such as its nuisance ordinance.

[7] Barth's allegation that the County denied him due process through improper training of County and Sheriff's Office employees, and falsifying official records is patently meritless.

5

Barth also claims that the County's failure to enforce the nuisance ordinance denies him equal protection of the laws, in violation of the Fourteenth Amendment. We assume for sake of argument that he might have an equal protection claim if he could show that the County routinely enforces the ordinance in situations materially similar to his. His problem is that his complaint fails to make such a showing.

## II.

Counts II, III, and IV seek relief under 42 U.S.C. §§ 1983, 1985(3), and 1986. To make out a case against McNeely and/or Buck under § 1983, Barth has to allege that they subjected him to the tortious conduct his complaint describes while acting "under color of any statute, ordinance, regulation, custom, or usage, of" Sarasota County. 42 U.S.C § 1983; *see supra* text accompanying note 5. The District Court properly dismissed Barth's § 1983 claims because Counts II, III, and IV fail to allege that McNeely or Buck acted under color of any such law.

Counts II, III, and IV allege that McNeely and/or Buck are liable to him for damages under § 1985(3). Section 1985(3) states, in pertinent part:

> If two or more persons in any State . . . *conspire* or go in disguise on the . . . premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising

6

any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the *conspirators*.

42 U.S.C. 1985(3) (emphasis added).  To state a claim under this section, a plaintiff must allege that some racial or other "class-based invidiously discriminatory animus lay behind the conspirators' action."  *Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1995).  The District Court properly dismissed Counts II, III, and IV because they contain no such allegation.

In Counts II, III, and IV, Barth seeks relief against McNeely and Buck under 42 U.S.C § 1986.  That section provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985(3)], are about to be committed , and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so."  42 U.S.C. § 1986.  A section 1986 claim is derivative of a § 1985(3) violation and thus requires the existence of a § 1985(3) conspiracy.  Since Barth alleged no such conspiracy, Counts II, III, and IV fail to state a § 1986 claim.

### III.

Count V seeks relief against McNeely under Florida tort law.  Barth alleges that subject matter jurisdiction exists under 28 U.S.C. § 1332 because he is a citizen of Maine and McNeely is a citizen of Florida.  In response to McNeely's motion to dismiss, however, Barth asserted that he is a citizen of Florida.  Doc. 16,

7

at 10. The District Court, recognizing that Barth was proceeding *pro se*, dismissed it *sua sponte*, with leave to amend in order to remove the inconsistency. Doc. 36, at 14–15. Barth, however, chose not to eliminate the inconsistency. After considering all of Barth's factual allegations—including those he made in his four state court lawsuits[8]—we are satisfied that Barth is a citizen of Florida and that § 1332 jurisdiction is therefore lacking.

## IV.

For the foregoing reasons, we affirm the District Court's dismissal of Counts I through V of Barth's complaint.[9]

---

[8] We consider the allegations of the state court complaints only to the extent that Barth's complaint reveals them.

[9] In this appeal, Barth challenges the District Court's denial of his motion for summary judgment and denial of his motion to add as a party defendant Robert Lincoln, counsel for McNeely and Buck. These challenges are meritless.